**AFFIRM; and Opinion Filed February 7, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01156-CV

### IN THE INTEREST OF J.M., J.M., AND J.C., CHILDREN

**On Appeal from the 256th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-10-1162-Z**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Brown, and Boatright
Opinion by Justice Brown

Father appeals the trial court's decree, entered pursuant to a mediated settlement agreement, terminating his parental rights to his children J.M. and J.M.[1] In two issues, Father contends the evidence is legally and factually insufficient to support the termination. For the following reasons, we affirm the trial court's decree.

The record reflects that Mother was arrested on an outstanding warrant and for possession of marijuana after appearing under the influence of drugs at the shelter where she and the children were living. Mother reported that Father was incarcerated at the time, serving a 99-year sentence for a sexual assault offense. The Dallas County Child Protective Services Unit of the Texas Department of Family and Protective Services (CPS) took possession of the children and placed them in foster care. CPS received temporary managing conservatorship of the children and

---

[1] The subject of this appeal is limited to the termination of Father's parental rights to children J.M. and J. M. The trial court also terminated Mother's parental rights to J.M. and J.M., and adjudicated the conservatorship of a third child, J.C., but Mother is not a party to this appeal.

subsequently filed a petition for conservatorship and termination of both Mother's and Father's parental rights. In July 2017, the parties and their attorneys signed a Mediated Settlement Agreement (MSA). The MSA provided that Father's rights to the children would be terminated "on (C) grounds" and CPS would be appointed managing conservator of the children. The MSA also provided in relevant part as follows:

> 4. Each party hereto has been advised by the mediator, who is not the attorney for any party to this mediation, that each party should have this agreement reviewed by that party's attorney prior to executing same. Each signatory to this agreement has entered into the same freely and voluntarily without duress after having consulted with the professionals of his or her choice.
>
> 5. The parties agree that the agreement as set forth is in the best interest of [J.M.] DOB 11/19/2008, [J.M.] DOB 7/29/2006.
>
> \*\*\*
>
> **THE PARTIES HAVE BEEN ADVISED AND THEY FULLY UNDERSTAND THAT UPON EXECUTION OF EACH PARTY'S SIGNATURE TO THIS AGREEMENT AND THE EXECUTION OF EACH PARTYS ATTORNEY, IF ANY, THIS AGREEMENT IS NOT SUBJECT TO REVOCATION (Section 6.602 and Section 153.0071 of the Texas Family Code).**

The trial court held a prove-up hearing the same day the parties signed the MSA. At that hearing, the CPS caseworker requested that the trial court approve the MSA, adopt the MSA into a final order, and terminate Father's rights on the grounds that he voluntarily left the children alone or in the possession of another without providing adequate support of the children and remained away for a period of at least six months pursuant to section 161.001(b)(1)(C) of the family code. The caseworker testified that the termination was in the best interest of the children and she did not believe a less intrusive agreement was possible. Father testified that he and his attorney had an opportunity to mediate the case and, as a result, he voluntarily signed the MSA, agreed with his attorney that it was a good agreement for him and the children, and asked the trial court to accept

the settlement. The children's guardian ad litem stated that she also believed termination of both parents' rights was in the best interest of the children.

The trial judge stated that, based on the testimony, he was going to grant termination pursuant to the MSA and, having reviewed the facts of the case, "[i]t would have been a very difficult case for any jury to come up with any different result in this case." The trial court subsequently entered a decree of termination incorporating the MSA in September 2017.

In his first issue, Father asserts the evidence is legally and factually insufficient to support the grounds for termination. Specifically, he argues there was no evidence that he left the children alone or in the possession of another and/or failed to provide adequate support for the children as required for termination under section 161.001(b)(1)(C). *See* TEX. FAM. CODE ANN. §161.001(b)(1)(C) (West. Supp. 2017). However, Father specifically agreed to the MSA providing his rights would be terminated based "on (C) grounds." Father does not dispute that the MSA supplies evidence for terminating his parental rights under section 161.001(b)(1)(C). Nor does he contend the MSA should be invalidated, set aside, or denied evidentiary value. Because the trial court could have relied on the MSA when it ruled that his rights should be terminated under section 161.001(b)(1)(C) and Father does not address the MSA, we overrule his first issue. *See In re T.A.*, 05-17-00907-CV, 2018 WL 300192, *2 (Tex. App.—Dallas Jan. 5, 2018, no pet. h.); *In re N.B.*, No. 05-15-00671-CV, 2015 WL 6437681, at *3-4 (Tex. App.—Dallas Oct. 23, 2015, pet. denied).

In his second issue, Father argues the evidence is legally and factually insufficient to support the trial court's finding that termination of his parental rights is in the children's best interest. Again, Father failed to address the MSA in his evidentiary sufficiency argument. Because he has not addressed every independent basis for the trial court's ruling that termination was in the children's best interest, we overrule Father's second issue. *See In re N.B.*, 2015 WL 6437681, at *4.

We affirm the trial court's decree of termination.




/Ada Brown/
ADA BROWN
JUSTICE


171156F.P05



# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

IN THE INTEREST OF J.M., J.M., AND J.C., CHILDREN

No. 05-17-01156-CV

On Appeal from the 256th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-10-1162-Z.
Opinion delivered by Justice Brown; Justices Lang-Miers and Boatright participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 7th day of February, 2018.